UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02301-MAR | | Date | May 14, 2026 |
|---|---|---|---|---|
| Title | *Jose Cesar Batres Hernandez v. Acting Warden et al* | | | |

| Present: The Honorable | MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| Erica Valencia | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PETITION**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241.  Dkt. No. 1.  Respondents filed their Response to the Petition on May 11, 2026.  Dkt. 7.

Respondents do not contest Petitioner's membership in the Bond Eligible Class in Bautista v. Santacruz.  Consistent with the Final Judgment in Bautista, Petitioner is entitled to an individualized bond hearing.  See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Respondents are precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in Bautista, is entitled to the relief requested in the Petition.  As such, the Petition is **GRANTED, in part**.

The Court notes that it will entertain an application by Petitioner requesting an award of reasonable attorney's fees and costs under the Equal Access to Justice Act ("EAJA") that is filed within 30 days of entry of final judgment in this action.  See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will

| Case No. | 5:26-cv-02301-MAR | Date | May 14, 2026 |
|---|---|---|---|
| Title | *Jose Cesar Batres Hernandez v. Acting Warden et al* | | |

consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

The Court **ORDERS** the following:

(1) The Petition is **GRANTED**.

(2) Respondents are **ORDERED** to release Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and consistent with due process[1] within 7 days of the date of this Order;

(3) Respondents are to file a Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order within 8 days.

**IT IS SO ORDERED**.

---

[1] The bond hearing must comport with due process as follows: (1) be conducted before a neutral immigration judge; (2) render a decision based only on evidence specific to the individual Petitioner that pertains either to danger to the community or flight risk and that is not based on "mechanistic factors" common to all noncitizens present without admission; and (3) consider Petitioner's financial circumstances when setting bond amount as required by Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017). See Enrique Munoz Nopala, et al. v. Markwayne Mullin, et al. Additional Party Names: Alberto Juarez Rincon, Alberto Ocampo Trujillo, Daniel Fernando Tzun, Jose Antonio Cortez Lozano, Tomas Vazquez, No. EDCV 26-1460 JGB (JDE), 2026 WL 931083, at *4 (C.D. Cal. Apr. 2, 2026).